# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| HARVEY M. HALE, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) Case number 4:09cv1939 TCM ) |
| DETECTIVE LEON BURTON, et al., | ) ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

This 42 U.S.C. § 1983 action is before the Court[1] on a motion by defendants Leon Burton, Officer Williford, and Officer Lovern to dismiss. [Doc. 40]

## Background

This action began with a request by plaintiff Harvey M. Hale, then a Missouri prisoner, to proceed in forma pauperis on his complaint against the Franklin County Police Department, the City of Union Police Department, "Unknown Officers to be Named," two John Does, and Detective Burton. He was granted leave to proceed in forma pauperis on his claims only against Detective Burton. His remaining claims were dismissed without prejudice.

The following month, Plaintiff was granted leave to file an amended complaint against Detective Leon Burton and four newly-named defendants: Sargent Pelton, Deputy Jackson,

---

[1]The case is before the undersigned United States Magistrate Judge by written consent of the parties. See 28 U.S.C. § 636(c).

Officer Williford, and Officer Lovern. He alleged that Pelton and Jackson had assaulted him at his residence and Burton, Williford, and Lovern had stood by and watched.

In July 2010, Plaintiff notified the Clerk of Court of a change of address to a residence in Union, Missouri. This was the last filing from Plaintiff.[2] A case management order was mailed to Plaintiff at this address in September and was not returned.

In December, defendants Burton, Williford, and Lovern notified the Court that Plaintiff's address had again changed and was now at a different residence in Union.[3] Attached to the notification was a form from the United States Postal Service listing Plaintiff's old and new addresses.

Four weeks later, pursuant to Rules 37(d)(1)(A)(i) and (3)[4] and 41(b)[5] of the Federal Rules of Civil Procedure, these three defendants filed a motion to dismiss the case with prejudice for Plaintiff's failure to appear for a November deposition – the notice had been sent to his first Union address – and at his December deposition – the notice had been sent to his second Union address. The November deposition was terminated an hour after it was scheduled to begin when Plaintiff failed to appear. (Mot. Ex. 1.) The notice had been

---

[2]Returns of service were filed the next month, but the filings were made by the United States Marshal Service.

[3]The Court notes that Local Rule 2.06(B) of the Eastern District of Missouri requires a pro se party to promptly notify the Clerk of Court and all other parties of a change of address.

[4]Rule 37(d) provides in relevant part, that a court "may, on motion, order sanctions if" a party "fails, after being served with proper notice, to appear for that person's deposition" and that sanctions may include "dismissing the action." Fed.R.Civ.P. 37(d)(1)(A)(i) and (3)(citing, inter alia, Fed.R.Civ.P. 37(b)(2)(A)(v)).

[5]Rule 41(b) provides for, among other things, dismissal of an action for a plaintiff's failure to prosecute. Fed.R.Civ.P. 41(b).

mailed two weeks earlier. (Id.) The December deposition was terminated fifty-six minutes after it was scheduled to begin when Plaintiff failed to appear. (Id.) The notice had been mailed to Plaintiff's second Union address two weeks earlier. (Id.)

Defendants Jackson and Pelton have joined in the motion to dismiss.

Plaintiff has not responded.

## Discussion

It is well established that a plaintiff's pro se status does not excuse him from complying with court orders and the Federal Rules of Civil Procedure, including the requirements of discovery. **Lindstedt v. City of Granby**, 238 F.3d 933, 937 (8th Cir. 2000) (per curiam); **Ackra Direct Marketing Corp. v. Fingerhut Corp.**, 86 F.3d 852, 856 (8th Cir. 1996); **Brown v. Frey**, 806 F.2d 801, 804 (8th Cir. 1986). Sanctions for a failure to comply include monetary sanctions and dismissal. See **Martin v. DaimlerChrysler Corp.**, 251 F.3d 691, 694 (8th Cir. 2001). "The . . sanction must be proportionate to the litigant's transgression." **In re Popkin & Stern**, 196 F.3d 933, 938 (8th Cir. 1999).

For the reasons set forth below, the Court finds that Plaintiff's failure to appear at either of his scheduled depositions merits an award of sanctions, albeit not the dismissal with prejudice sought by Defendants.

"Federal Rule of Civil Procedure 37(d) allows the district court to, among other sanctions,[6] dismiss an action if a party 'fails to appear' for his or her deposition." **Aziz v.**

---

[6] The Court notes that Plaintiff is proceeding in forma pauperis; hence, a monetary sanction would be meaningless. Also, Plaintiff's failure to appear for his depositions deprives Defendants of an opportunity to seek summary judgment; hence, the question of prohibiting him from introducing any evidence at trial not previously disclosed to Defendants assumes that a trial is necessary.

- 3 -

**Wright**, 34 F.3d 587, 589 (8th Cir. 1994) (footnote added). "[N]o motion to compel is required before dismissal under Rule 37(d)." **Id.** See also **Martin**, 251 F.3d at 694 ("When a litigant's conduct abuses the judicial process, dismissal of a lawsuit is a remedy within the inherent power of the court."); **Rodgers v. Curators of the Univ. of Mo.**, 135 F.3d 1216, 1222 (8th Cir. 1998) (affirming dismissal of action as discovery sanction after finding that any lesser sanction would have involved further delay or would have forced opposing party to try case without completing discovery).

Defendants request that the case be dismissed with prejudice.

A dismissal is "an extreme sanction" when it is with prejudice and "should be used only in cases of willful disobedience of a court order or where a litigant exhibits a pattern of intentional delay." **Hunt v. City of Minneapolis, Minn.**, 203 F.3d 524, 527 (8th Cir. 2000). Accord **Good Stewardship Christian Center v. Empire Bank**, 341 F.3d 794, 797 (8th Cir. 2003). "This does not mean that the district court must find that the appellant acted in bad faith, but requires 'only that he acted intentionally as opposed to accidentally or involuntarily." **Hunt**, 203 F.3d at 527. See also **Aziz**, 34 F.3d at 589 (affirming Rule 41(b) dismissal of action filed by pro se plaintiff who had "willfully disregarded" a court order). Considerations of the court's need to advance its docket, the consequences of "irrevocably extinguishing the litigant's claim," and the futility of lesser sanctions inform the court's decision on whether a dismissal is to be with prejudice. **Hunt**, 203 F.3d at 527 (interim quotations omitted). Also relevant is whether the plaintiff's actions "had the effect of attacking the integrity of the court." **Rodgers**, 135 F.3d at 1219.

The Court finds that the relevant considerations militate against the extreme sanction of dismissing Plaintiff's claims with prejudice. A dismissal without prejudice is the more appropriate sanction.

Accordingly, for the foregoing reasons,

**IT IS HEREBY ORDERED** that Defendants' motion to dismiss is **GRANTED** insofar as this action will be dismissed without prejudice. [Doc. 40]

An appropriate Order shall accompany this Memorandum and Order.

/s/ Thomas C. Mummert, III
THOMAS C. MUMMERT, III
UNITED STATES MAGISTRATE JUDGE

Dated this  3rd  day of May, 2011.